IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD WADE,                          )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )    Civil Action No. 12-174-J
                                       )
MICHAEL J. ASTRUE,                     )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
            Defendant.                 )


O R D E R


AND NOW, this 12th day of September, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided

the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705

(3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for

Summary Judgment (document No. 13) is DENIED and defendant's Motion

for Summary Judgment (document No. 15) is GRANTED.


s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record


---

[1]      The Court finds no merit to Plaintiff's arguments that the
Administrative Law Judge ("ALJ") erred in finding that he is not disabled
under the Social Security Act.  Instead, the Court finds that substantial
evidence supports the ALJ's determination of Plaintiff's residual functional
capacity ("RFC") and his determination that Plaintiff is not disabled, and
no further discussion is warranted as to most of the issues Plaintiff has
raised.  The Court does note that Plaintiff's argument that the ALJ failed
to develop the record fully is particularly unpersuasive.  It is true that
an ALJ has a duty to develop a full and fair record in a social security
case.  See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael
v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004).  However, in this case,
the ALJ clearly fulfilled this duty.  Indeed, Plaintiff points to no specific
evidence that the ALJ failed to incorporate into the record, and at no point
during the administrative hearing did Plaintiff or his counsel indicate that
any additional evidence needed to be included in the record.  There is nothing
in the record, in fact, that would demonstrate that the ALJ would have had
any reason to seek any additional information.  Indeed, the most reasonable
inference is that the lack of medical evidence in the record of any limitations
faced by Plaintiff because of his diabetes mellitus not included in the RFC
was because there is no such evidence, not because of any failure by the
ALJ to obtain it.